MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA KANE (CSBN 150630)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, 11thFloor
    San Francisco, CA 94102
    Telephone: 415.436.7324
    Facsimile: 415.436.7234
    Email: susan.b.gray@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $16,831 IN UNITED STATES CURRENCY,<br><br>                  Defendant. | No. 10-5676 JSW<br><br>SETTLEMENT AGREEMENT AND FINAL ORDER OF FORFEITURE |

The parties stipulate and agree as follows:

1.    This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving the seizure of defendant approximately $16,831 in United States Currency ("defendant funds") which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a violation Subchapter I, Chapter 13 of Title 21, United States Code.

2.    This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and 21 U.S.C. § 881(a)(6). This action is timely filed in accordance with 18 U.S.C. § 983(a)(3)(A). Venue in this Court is proper because defendant $16,831 was seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

3.   Plaintiff is the United States of America.. Defendant is approximately $16,831.00 in United States Currency.

4.   After proper notification and publication was given, no party filed a timely claim in this action, but Lucas Davis requested an extension of time for which to file a claim, and the United States agreed. The United States and potential claimant Lucas Davis (hereinafter "Davis") are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

5.   The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

6.   The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

7.   This settlement is a compromise over disputed issues and does not constitute any admission of wrongdoing or liability by any party.

8.   The parties have agreed that the United States will return $1,680 (plus the interest accrued thereon, as calculated by the U.S. Marshals Service) of the defendant currency to Davis. The return of $1,680 shall be in full settlement and satisfaction of any and all claims by Davis, his heirs, representatives and assignees to the defendant currency. Davis, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and local enforcement officers, for any and all acts directly or indirectly related to the seizure of defendant currency and the facts alleged in the Complaint for Forfeiture filed on or about December 14, 2010.

9.   Davis agrees that sufficient evidence exists to establish forfeiture of the remainder

of the defendant currency ($15,148, plus all interest accrued thereon), pursuant to Title 21, United States Code, Section 881(a)(6). Davis consents to the forfeiture of the remainder of the defendant currency to the United States without further notice to him. Davis further relinquishes all right, title and interest in the remainder of the defendant currency, and agrees that said property shall be forfeited to the United States and disposed of according to law by the United States.

10. The United States and Davis agree that each party shall pay its own attorneys' fees and costs.

11. Based on the foregoing Settlement Agreement between the United States and Davis, the Parties agree that, subject to the Court's approval, this action be and hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with this Settlement Agreement be entered.

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

Dated: ~~January~~ March 22, 2011

_____
SUSAN B. GRAY
Assistant United States Attorney

Dated: ~~January~~ February 5, 2011

_____
WILLIAM G. PANZER, ESQ.
Attorney for Lucas Davis

Dated: ~~January~~ February 7, 2011

_____
Lucas Davis

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 23rd DAY OF March, 2011.

_____
HONORABLE JEFFREY S. WHITE
United States Judge

Settlement Agreement and Final Order of Forfeiture
NoCV 10-5676 JSW                3